IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KEITH R. COATS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CIVIL ACTION NO. 3:06cv80-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Motion for Approval of Attorney Fee* (Doc. 28, filed Dec. 12, 2007), and *Defendant's Response* (Doc. 29, filed Jan. 10, 2008). Plaintiff requests payment of attorney fees in the amount of $ 15,777.00 under § 206(b) of the Social Security Act.  42 U.S.C. § 406(b).

## BACKGROUND

On January 30, 2006, Plaintiff Keith R. Coats, through counsel, filed a Complaint in this court seeking judicial review of an unfavorable decision by the Commissioner of Social Security.  On July 18, 2006, the United States filed a motion to remand the case back to the Commissioner for further proceedings.  Doc. No. 16.  Plaintiff did not oppose the motion, and on July 20, 2006, the case was remanded and judgment entered for Plaintiff.  Docs. No. 20 and 21.  Plaintiff petitioned the Court for an award of attorney fees under the Equal Access to Justice Act (EAJA).  Doc. 24.  The parties agreed upon EAJA fees in the amount of $2,300.00, and an order granting fees payable to plaintiff's

counsel was issued on October 27, 2006. Doc. 27. Plaintiff received a fully favorable decision from the Commissioner on remand and was awarded disability benefits.

The pending fee application seeks to recover twenty five percent (25%) of the past-due benefits awarded to Plaintiff, in accordance with the provisions of the representation contract signed by the plaintiff, and filed with the motion for fees. *See* Doc. 28-2. This percentage, or $15,777.00, has been withheld by the Social Security Administration for the purpose of paying the attorney's fee. *See* Doc. 28-3. Counsel also attached an itemized time sheet showing a total of 19 hours and 15 minutes (19.25) was spent on this case. *See* Doc. 28-4.

Defendant Commissioner first responds that, if plaintiff is awarded fees in excess of those previously awarded under the EAJA, the $2,300.00 received by counsel must be refunded to the plaintiff. Doc. 29, at 2. The requested fees represent an hourly rate of $819.58 per hour, which the Commissioner argues is unreasonable under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002), and that counsel has not demonstrated otherwise.

## DISCUSSION

The Social Security Act (the Act) permits a district court to "award reasonable attorney's fees, payable from the past-due benefits awarded, not to exceed 25% of the past-due benefits." *Sanflippo v. Commissioner of Social Security*, No. 08-14203, 2009 WL 1532039 at *4 (11th Cir. June 3, 2009), citing 42 U.S.C. §406(b)(1)(A). An attorney may receive fees under the EAJA and §406, but the attorney must return to the claimant the smaller of the two fees. *Sanflippo, id.*, quoting *Gisbrecht*, 535 U.S. at 796, 122 S.Ct.

at 1822.  Both parties agree on these points but differ as to what is a reasonable fee in this case.

*Gisbrecht* instructs courts to look first to the contingent-fee agreement, and then test it for reasonableness.  *Gisbrecht, id.* at 808, 122 S.Ct. at 1828.  Factors considered in this process include the "character of the representation and the results the representative achieved."  *Id*.  Factors cited for a possible reduction in the fee are attorney delay, substandard representation, and "benefits [that] are large in comparison to the amount of time counsel spent on the case."  *Id*.  Attorneys bear the burden of persuasion that a fee is reasonable.  *Id.* at n.17.  The Commissioner cites *Gisbrecht* to acknowledge the prevalence of contingent-fee agreements in social security disability cases, and its imposition of a "reasonableness" standard in fee awards.  Doc. 29, at 2, citing *Gisbrecht, id.* at 807, 122 S.Ct. at 1828.

Plaintiff also cites *Gisbrecht*'s reasonableness requirement to alert the Court that attorneys should not receive a "windfall" even if the fee is within the statutory maximum.  Doc. 28-5, at 5-6, citing *Gisbrecht, id.* at 808, 122 S.Ct. at 1828.  Plaintiff notes that attorneys are encouraged to aid a court's deliberations by submitting a record of time spent on the case.  Doc. 28-5, at 6.  In addition to citing time records, the Court noted that an additional aid to district courts is "a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."  *Gisbrecht, id.* at 808, 122 S.Ct. at 1828.  On this point, Plaintiff states that a noncontingent hourly rate "cannot dictate whether a 42 U.S.C. § 406(b) fee request is reasonable."  Doc. 28-5, at 6.  Rather, Plaintiff argues, a reasonable fee "must reflect the contingent nature of the fee."  Doc. 28-5, at 7.  Plaintiff

believes the use of a noncontingent hourly rate in a case such as this one "merely provides a reference point to compare the reasonableness of a fee request in which the recovery is contingent." Doc. 28-5, at 7. Plaintiff has not submitted a statement of counsel's normal hourly billing rate.

A fee recovery of $15,777.00 for 19.25 hours of work would yield an hourly rate of $819.58. The Commissioner does not challenge the fee on grounds of delay, or substandard representation. Rather, the Commissioner believes the full 25% permitted by the attorney-client agreement would represent a windfall in this case. As discussed above, Plaintiff acknowledges that windfalls are disfavored under *Gisbrecht*, but believes that the fee is a reasonable reflection of the risks assumed at the outset of the contingency representation. Plaintiff argues this case presented a substantial risk of loss and that reliance on a noncontingent hourly rate would undercompensate counsel. Doc. 28-5, at 8-9, 10.

Neither party has suggested what might be reasonable. This Court is expressly permitted to reduce fees "[I]f the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht, id*. at 808, 122 S.Ct. 1828. While an hourly rate of $819.58 may be what some attorneys command for their services, it is very high for this area. Halving that rate to $409.79 strikes the Court as reasonable for 19.25 hours of legal work in this district. The total fee for counsel is therefore set at $7,888.45.

## CONCLUSION

The Court finds that $7,888.45 is a reasonable attorney's fee under § 406(b). Plaintiff's counsel is reminded that the previously awarded fee of $2,300.00, received under the Equal Access to Justice Act, must be refunded to the plaintiff.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of this Court

(1) That the Plaintiff's application for an award of fees and expenses under the Equal Access to Justice Act is GRANTED in the total amount of $7,888.45; and

(2) That the previous award of attorney fees received through the Equal Access to Justice Act be refunded to the plaintiff.

Done this 31st day of March, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE